UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROBERT G. HENDERSON,**

    **Plaintiff,**

    v.

**SADDLE CREEK TRANSPORTATION,**

    **Defendant.**

:

:

:

**Case No. 2:23-cv-16**
**Chief Judge Sarah D. Morrison**
**Magistrate Judge Elizabeth P. Deavers**

## OPINION AND ORDER

Proceeding *pro se*, Robert G. Henderson brought this action against his former employer, Saddle Creek Transportation. He alleges in his Amended Complaint that Saddle Creek discriminated against him, wrongfully terminated him, created a hostile work environment, and did not provide him a free and safe environment in which to work. (ECF No. 4.) Although not referenced in his Amended Complaint, Mr. Henderson's original Complaint indicates that his claims are brought under both Title VII and Ohio law.[1] (ECF No. 3.)

Currently before the Court is Saddle Creek's Motion for Summary Judgment (ECF No. 32) and Mr. Henderson's Motion to Dismiss Deposition (ECF Nos. 37, 39, 40).

---

[1] Even though the Amended Complaint did not reference federal law, the Court construes that pleading to supplement the information contained in the Complaint because it does not appear that Mr. Henderson intended for his Amended Complaint to supplant his original pleading. (ECF No. 4 ("[i]n a haste, I … failed to add Pertinent Information unto the Complaint against Saddle Creek Transportation [so I] seek to add [to that pleading].").)

I.  **MOTION FOR SUMMARY JUDGMENT**

A.  **Standard of Review**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant has the burden of establishing there are no genuine issues of material fact, which may be achieved by demonstrating the nonmoving party lacks evidence to support an essential element of its claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1388–89 (6th Cir. 1993). The burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56). When evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

A genuine issue exists if the nonmoving party can present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339–40 (6th Cir. 1993). In other words, "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (concluding that summary judgment is appropriate when the evidence could not lead the trier of fact to find for the nonmoving party).

These standards apply equally when the plaintiff is *pro se*. Although a *pro se* plaintiff is entitled to a liberal construction of her pleadings and filings, this standard is "inapplicable" "[o]nce a case has progressed to the summary judgment stage." *Tucker v. Union of Needletrades, Indus., & Textile Emps.*, 407 F.3d 784, 788 (6th Cir. 2005) (quoting *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004)). Accordingly, a *pro se* plaintiff cannot oppose summary judgment through mere allegations and unsworn filings; a response must set out specific facts showing a genuine issue for trial through affidavits or otherwise. *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010).

### B.   Race Discrimination

Mr. Henderson asserts that he was discriminated against and that he was wrongfully terminated because of his race.[2] (ECF No. 3.)

Under federal and Ohio law, it is illegal for an employer to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of that individual's race. 42 U.S.C. § 2000e-2(a)(1); Ohio Rev. Code § 4112.02. Disparate treatment claims brought under Ohio law are governed by the same standards as claims brought under Title VII, so the Court will analyze these claims together. *See Woods v. FacilitySource, LLC*, 640 F. App'x 478, 483 (6th Cir. 2016); *Plumbers & Steamfitters Joint Apprenticeship Comm. v. Ohio*

---

[2] The Court does not read Mr. Henderson's Complaint to allege a claim for wrongful termination in violation of public policy. If he did intend to bring such a claim, he did not respond to Saddle Creek's arguments that it is entitled to summary judgment on his public policy claim so the Court **GRANTS** its motion on this claim.

*C.R. Comm'n*, 66 Ohio St. 2d 192, 196, 421 N.E.2d 128, 131 (1981).

A plaintiff can prove discrimination using either direct or circumstantial evidence. *Kline v. Tenn. Valley Auth.*, 128 F.3d 337, 348 (6th Cir. 1997). Mr. Henderson does not argue that he has direct evidence of discrimination; in the absence of direct evidence, discrimination claims are analyzed under the *McDonnell Douglas* burden-shifting framework. *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), as modified by *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248 (1981)). Under this approach, a plaintiff must establish by a preponderance of the evidence a prima facie case of discrimination. *Burdine*, 450 U.S. at 252–53. Doing so creates a rebuttable presumption that the employer engaged in unlawful conduct. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506–07 (1993).

To establish a prima facie case of discrimination, Mr. Henderson must show (1) he was a member of a protected class, (2) he was qualified for his position, (3) he suffered an adverse employment action, and (4) he was replaced by a person outside the protected class or was treated differently than similarly situated non-protected employees. *Arendale v. City of Memphis*, 519 F.3d 587, 603 (6th Cir. 2008) (citing *Newman v. Fed. Express Corp.*, 266 F.3d 401, 406 (6th Cir. 2001)).

In response to Saddle Creek's Motion, Mr. Henderson has not shown that he was replaced by a person outside his protected class after he was terminated or that he was treated differently than similarly situated non-protected employees. Thus, Saddle Creek is entitled to summary judgment on Mr. Henderson's discrimination

4

claims.

### C. Retaliation Claim

Mr. Henderson also claims that his wrongful termination was based on retaliation in violation of Ohio law. (ECF No. 3.)

Retaliation claims are analyzed the same way under Ohio and federal law. *Mengelkamp v. Lake Metro. Hous. Auth.*, 549 F. App'x 323, 330 (6th Cir. 2013). The heart of a retaliation claim is that the plaintiff must have engaged in protected activity. *See Burns v. City of Saginaw*, 601 F. App'x 353, 357 (6th Cir. 2015). But Mr. Henderson does not provide any evidence that he engaged in any protected activity. Rather, he testified that before he was terminated, he did not make any complaints about discrimination of any kind. (Henderson Depo., ECF No. 31, PAGEID # 130.)

Accordingly, Saddle Creek is entitled to judgment on Mr. Henderson's retaliation claim.

### D. Free and Safe Work Environment

Mr. Henderson also claims that Saddle Creek violated his right to a free and safe work environment in violation of Ohio law. (ECF No. 3). He appears to be bringing this claim under Revised Code Chapter 4112. (*Id.*) However, Chapter 4112 does not provide for such a claim. To the extent that his claim is one for injuries resulting from an unsafe work environment, Ohio law provides that his exclusive remedy is a worker's compensation claim. *See* Ohio Const. art. II, § 35; Ohio Rev. Code § 4123.74.

### E. Hostile Work Environment

Finally, Mr. Henderson asserts as part of his Second Claim for Relief that Saddle Creek created a hostile work environment in violation of Ohio law. (ECF No. 3.) Neither party addresses this issue in the summary judgment briefing. Thus, this claim remains pending.

### II. MOTION TO DISMISS DEPOSITION

Mr. Henderson's Motion to Dismiss Deposition is **DENIED**.

### III. CONCLUSION

For the reasons set forth above, Saddle Creek's Motion for Summary Judgment (ECF No. 32) is **GRANTED**. Mr. Henderson's Motion to Dismiss Deposition (ECF Nos. 37, 39, 40) is **DENIED**.

If Saddle Creek intends to seek summary judgment on Mr. Henderson's hostile work environment claim, it is **ORDERED** to do so within 14 days of the entry of this Order. Any memorandum in opposition shall be filed within 21 days of the date of the filing of such motion. Saddle Creek will not be permitted to file a reply memorandum on any motion filed in accordance herewith.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**